IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WAGIH HANNA and
BOTHINA HANNA,
    Plaintiffs,

v.

DIETER A. BAIER,
    Defendant.

:
:
:
:
:
:
:
:
:
:

FOREIGN JUDGMENT
S12J-03-058

## ORDER

On August 17, 2011, Plaintiffs, Wagih Hanna and Bothina Hanna ("Plaintiffs"), obtained a judgment from the Massachusetts Superior Court of Worchester County against Defendant, Dieter A. Baier ("Defendant"), in the amount of $521,610.31. As a result, on June 6, 2012, a Charging Order was issued against Defendant by the Maryland Circuit Court for Talbot County. This created a lien against Defendant's interest in Cabinetry Unlimited, Inc. On December 18, 2013, the United States Bankruptcy Court for the District of Maryland issued a Discharge Order for the Defendant in his personal capacity; Plaintiff's Charging Order survived. The Charging Order was domesticated in the Delaware Superior Court on March 9, 2012.

In July 2017, Plaintiffs issued discovery, pursuant to Civil Rule 69, to ascertain whether the Charging Order had been violated. Defendant responded by filing a Motion for Protective Order, arguing that the Superior Court did not have jurisdiction over the Charging Order due to the amendment of 6 *Del. C.* § 18-703(f). The statute states in pertinent part, "The Court of Chancery shall have jurisdiction to hear and determine any matter relating to such charging

1

order."[1] On December 19, 2017, the Court granted Defendant's Motion on the basis that the Court of Chancery had exclusive jurisdiction to hear matters "relating to orders charging a member's interest in a limited liability company."[2]

On March 26, 2018, the Superior Court issued a second decision on this question in the case of *Bridev One, LLC, et al. v. Regency Centers, LP*. The Court held that the statute at issue neither specifically divested the Superior Court of its jurisdiction to enter charging orders nor granted the Court of Chancery exclusive jurisdiction.[3] In short, according to *Bridev One*, the Superior Court and the Court of Chancery have concurrent jurisdiction over the execution of charging orders.[4]

Now, Plaintiffs move for Relief from the December 19, 2017 Order pursuant to Civil Rule 60(b)(5), which provides that relief may be given if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."[5] In Plaintiffs' view, the previous Order misinterpreted the applicable statute to hold that the Court of Chancery had exclusive jurisdiction over this matter; therefore, the Court should now continue to operate in the fashion it has in the past and allow execution of the Charging Order in this Court. Additionally, Plaintiffs argue that Defendant will suffer no prejudice if forced to continue in the Superior Court. Thus, Plaintiffs argue the Court should vacate the December 19, 2017 Order.

---

[1] 6 *Del. C.* § 18-703(f).
[2] *Hanna v. Baier*, 2017 WL 6507187, at *2 (Del. Super. Ct. Dec. 19, 2017).
[3] *Bridev One, et al. v. Regency Centers, LP*, CA No. N14C-07-115 DCS & CA No. N14C-09-019 DCS, Mar. 26, 2018, page 9.
[4] *Id.* at 11. *Bridev One* distinguished the previous decision made on December 19, 2017 in this case, stating that that judgment was more complex in that Hanna was attempting to gain discovery for execution in Delaware of a Maryland charging order which stemmed from a Massachusetts judgment.
[5] Super. Ct. Civ. R. 60(b)(5).

Defendant first contends that the Commissioner's Report and Recommendation on which the *Bridev One* case was based did not overrule the December 19, 2017 Order. Defendant does not acknowledge that the Report and Recommendation was later adopted by the Superior Court on March 26, 2018. Moreover, Defendant draws a distinction between the two cases in that this case concerns the *execution* of a charging order while *Bridev One* concerned the *issuance* of a charging order. He claims that the *Bridev One* holding should be limited to vest concurrent jurisdiction in both Courts only for the purpose of *issuing* a charging order. Finally, Defendant notes that the Superior Court is not required to follow a prior Superior Court decision if it finds alternative authority to be more persuasive. Therefore, Defendant argues that the December 19, 2017 Order should stand.

The Court is persuaded by the holding in *Bridev One*. In *Bridev*, the Court upheld the traditional idea that the Superior Court and the Court of Chancery have concurrent jurisdiction over charging orders based upon the doctrine of *stare decisis*. Judge Streett explained:

> *Stare decisis* "compels adherence to precedent" and "means that when a point has been once settled it forms a precedent which is not afterwards to be departed from or lightly overruled or set aside." It is "the preferred course because it promotes the even handed, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process."[6]

Further, the Court considered previous cases that highlight the importance of upholding longstanding statutory interpretations.[7] It is essential that litigants have the ability "to know what the law is and to conform their conduct accordingly."[8] Therefore, there is no reason to disturb the longstanding practice of issuing and executing charging orders under § 18-703.

---

[6] *Bridev One* at 6 (internal citations omitted).
[7] *Id.*
[8] *Id.* at 7.

Furthermore, this holding squares with previous case law concerning statutes with more than one plausible interpretation. Importantly, in *Vesgo v. Board of Trustees*, the Court wrote: "It is firmly established that a longstanding, practical and plausible administrative interpretation of a statute of doubtful meaning is to be accepted by the Court as indicative of legislative intent."[9] Moreover, the Court of Chancery has stated that it would be uncommon for a practical construction of a statute, which had been relied upon for many years, be based on an erroneous statutory interpretation.[10] Thus, considering that the Superior Court has long issued and executed charging order under this statute and that it seems unlikely that the General Assembly intended to vest power with the Superior Court to issue, but not execute, charging orders, it is permissible for the Plaintiffs to seek discovery in this Court. Upon reflection, the Court has concluded that the holding expressed in *Bridev One* is the better reasoned view.

Given that the previous Order in this case was based upon a mistaken application of law, Plaintiffs are entitled to relief under Civil Rule 60(b)(5). The December 19, 2017 Order is vacated. Plaintiffs may proceed with discovery to execute the charging order in the Superior Court.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

cc: Andres Gutierrez de Cos, Esq.
    Daniel A. Griffith, Esq.
    Prothonotary

---

[9] *Vesgo v. Board of Trustees*, 1986 WL 9019, at * 3 (Del. Super. Ct. Aug. 20, 1986).
[10] *Harvey v. City of Newark*, 2010 WL 4240625, at *6 (Del. Ch. Oct. 20, 2010).

4